Raed Gonzalez, Esq.
GONZALEZ OLIVIERI, LLC
2200 Southwest Freeway, Suite 550
Houston, Texas 77098
Tel: 713-481-3040
Fax: 713-588-8683
*Counsel of Record for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| Jeanette Aracely Martinez,<br><br>　　*Plaintiff*,<br>　　　　　v.<br><br>Chad F. Wolf, Acting Secretary of the U.S. Department of Homeland Security; Kenneth T. Cuccinelli, Acting Director of the U.S. Citizenship and Immigration Services; Wallace L. Carroll, Houston Field Office Director of the U.S. Citizenship and Immigration Services,<br><br>　　*Defendants*. | Case No. 4:20-cv-2863<br><br>Date: August 14, 2020 |

## PLAINTIFF'S COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

This is a complaint for relief under the Administrative Procedure Act ("APA"). The Plaintiff, Jeanette Aracely Martinez, files the instant complaint against Defendants because the U.S. Citizenship and Immigration Services ("USCIS"), a federal agency within the Department of Homeland Security ("DHS"), violated the APA when it denied Plaintiff's I-485, Application to Register Permanent Residence or Adjust Status ("I-485 Application"), without providing any legal basis for its decision whatsoever. *See* Exhibit 1—USCIS Decision.

Plaintiff seeks *de novo* review of the USCIS's final agency decision and a declaratory judgement that USCIS acted arbitrarily, capriciously, and not in accordance with the federal regulations and Board of Immigration Appeals ("BIA") case law, when it denied Plaintiff's I-485 Application. Plaintiff also seeks relief under the APA to compel the USCIS to reopen and to adjudicate her I-485 Application on the merits.

The instant action is being filed against the following Defendants: Chad F. Wolf, in his purported official capacity as the Acting Secretary of the DHS; Kenneth T. Cuccinelli, in his purported official capacity as the Acting Director of the USCIS; and Wallace L. Carroll, in his official capacity as the Houston Field Office Director of the USCIS.

## I. INTRODUCTION

1. Prior to the enactment of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), Division C of Pub. L. 104-208, 110 Stat. 3009-546 (1996), aliens in immigration court proceedings were placed in either exclusion or deportation proceedings.[1] In exclusion proceedings, the alien had to have demonstrated that he or she was admissible to the United States. By contrast, in deportation proceedings, the former Immigration and Naturalization Services ("INS"), had to meet its burden to show that the alien was deportable.

2. Whether an alien was placed in exclusion or deportation proceedings turned on whether the alien had made an "entry." Persons in exclusion proceedings were deemed *not* to have "entered" the United States. Therefore, persons in exclusion proceedings are in the same situation as "arriving aliens" now, i.e., as noncitizens who also are deemed not to have been admitted to the United States. 8 U.S.C. § 1101(a)(13)(B). Essentially, "arriving aliens" are considered, in legal terms, to be standing at the border and not technically in the United States.

3. Whether an alien was in exclusion proceedings and has a final order of exclusion, or whether an alien is currently in removal proceedings or has a final removal order, they are able to adjust their status to that of a lawful permanent resident

---

[1] After the enactment of IIRIRA, exclusion and deportation proceedings were consolidated into one type of proceedings: removal proceedings. 8 U.S.C. § 1229a.

with the USCIS, in accordance with the USCIS's long-standing prior policy. *See* Exhibit 2—Previous USCIS Policy Manual at Vol. 7, Part A, Ch. 3, Sec. D; Exhibit 3—Previous Policy Memorandum; *see also Matter of Yauri*, 25 I&N Dec. 103, 106-07 (BIA 2009) (finding that "arriving aliens" with final removal orders can only adjust their status with USCIS); *Matter of Castro*, 21 I&N Dec. 379 (BIA 1996) (finding that jurisdiction over adjustment applications filed by aliens in exclusion proceedings lies with the former INS).

4. Sometime in 2018, the USCIS began arbitrarily denying or administratively closing *some* applications, but not others, even though they had the exact same fact pattern, in direct violation of its policy manual and memorandum in place at the time, case law, and the federal regulations. This is what happened with Plaintiff's case herein, when the USCIS denied her I-485 Application with no explanation or reasoning for this decision. *See* Exhibit 1, *supra.*

5. Plaintiff has exhausted her remedies in this case and is not required to do anything further. The USCIS decision explicitly states that there is no appeal from its decision to deny Plaintiff's I-485 Application. *See* Exhibit 1, *supra*. It is thus considered a "final" agency action subject to judicial review by this Court for which there can be no judicially-imposed exhaustion requirement. *See Darby v. Cisneros*, 509 U.S. 137, 147 (1993); *see also* 5 U.S.C. § 704.

## II.   JURISDICTION AND VENUE

6. This action arises under the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101 *et seq.*, and the APA, 5 U.S.C. §§ 701 *et seq*. Because this action arises under the federal laws of the United States, subject-matter jurisdiction is proper under 8 U.S.C. § 1331.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (e) because all relevant actions, including the submission and denial of Plaintiff's I-485 Application, occurred in the USCIS's field office in Houston, Texas.

## III.   PARTIES

8. Plaintiff, Jeanette Aracely Martinez, is a resident of Katy, Texas. *See* Exhibit 1, *supra*.

9. Defendant, Chad F. Wolf, is the purported Acting Secretary of the DHS. He is sued in his official capacity. He may be served at 2707 Martin Luther King Jr. Ave. SE, Washington, D.C. 20528-0485.

10. Defendant, Kenneth T. Cuccinelli, is the purported Acting Director of the USCIS. He is sued in his official capacity. He may be served at 20 Massachussetts Ave., Room 4210, Washington D.C. 20529.

11. Defendant, Wallace L. Carroll, is the USCIS Houston Field Office Director. He is sued in his official capacity. He may be served at 20 Massachussetts Ave., Room 4210, Washington D.C. 20529.

## IV.    STATUTORY AND REGULATORY BACKGROUND

12. Under 8 U.S.C. § 1255(a), an alien may adjust his or her status to that of a lawful permanent resident provided that: (1) the alien was inspected and admitted or paroled into the U.S.; (2) the alien makes such an application for adjustment of status; (3) the alien is eligible to receive an immigrant visa; (4) the alien is admissible to the U.S.; and (5) a visa is immediately available to him or her when the adjustment of status application is filed.

13. The USCIS has jurisdiction to adjudicate an adjustment of status application unless the immigration judge has jurisdiction. 8 C.F.R. §§ 245.2(a)(1), 1245.2(a)(1).

14. The immigration judge has exclusive jurisdiction to adjudicate any application for adjustment of status if the alien is in removal or deportation proceedings (other than an "arriving alien"). 8 C.F.R. § 1245.2(a)(1).

15. An "arriving alien" is one who is "an applicant for admission coming or attempting to come into the United States at a port-of-entry, or an alien seeking transit through the United States at a port-of-entry, or an alien interdicted in international or United States waters and brought into the United States by any means, whether or not to a designated port-of-entry, and regardless of the means of transport." 8 C.F.R. § 1.2.

16. "An arriving alien remains an arriving alien even if paroled pursuant to section

6

212(d)(5) [8 U.S.C. § 1182(d)(5)] of the Act." *Id.*

17. The immigration judge can only have jurisdiction over adjustment applications filed by "arriving aliens" if: (1) the alien properly filed the application with the USCIS while the alien was in the United States; (2) the alien departed and returned to the United States pursuant to a grant of advance parole; (3) the application was denied by the USCIS; and (4) the DHS placed the alien in removal proceedings *after* the alien's return to the United States on advance parole or *after* the application was denied. 8 C.F.R. § 1245.2(a)(1)(ii).

18. If the USCIS denies an adjustment of status application, the denial would be considered the final agency action in the case. As such, no administrative remedies would be left available to an applicant and the only option is to judicially assert a violation under the APA, 5 U.S.C. §§ 702, 704.

19. "Agency action" is defined to include the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent, or denial thereof, or failure to act. 5 U.S.C. § 551(13).

20. The reviewing court is authorized to compel action by an agency, and hold its actions unlawful and set aside agency action, findings, and conclusions found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706.

## V.  FACTUAL BACKGROUND

21. Effective March 1, 2003, the DHS assumed responsibility for the functions of the agency formerly known as the "Immigration and Naturalization Service." The Secretary of DHS is now vested with "[a]ll authorities and functions of the Department of Homeland Security to administer and enforce the immigration laws." 8 C.F.R. § 2.1.

22. The USCIS is a bureau within the DHS and delegated supervisory authority over all operations by the Secretary of DHS. *Id.* The USCIS is responsible for accepting and adjudicating all applications for adjustment of status, unless, as detailed above, jurisdiction lies with the immigration judge.

23. The USCIS Houston Field Office is an agency within the DHS and delegated supervisory authority over all operations by the Secretary of DHS. *Id.* The USCIS Houston Field Office is the official with jurisdiction over the denial of Plaintiff's I-485 Application.

24. Plaintiff is a native and citizen of El Salvador. *See* Exhibit 4—Parole Document. She was ordered excluded from the United States on November 20, 1991. *See* Exhibit 1, *supra*.

25. On May 12, 2019 Plaintiff was paroled into the United States, pursuant to her valid advance parole document. *See* Exhibit 4, *supra*.

26. By virtue of being the beneficiary of an I-130 family visa petition filed on her

behalf, Plaintiff filed her I-485 Application with the USCIS on October 7, 2019. *See* Exhibit 1, *supra*. However, the USCIS denied it on May 19, 2020. *Id*.

27. In denying the I-485 Application, the USCIS made a blanket statement that Plaintiff was "not eligible for adjustment of status." *Id*. It offered no explanation as to why and gave no reasons for its decision. *Id*.

28. Given the USCIS's decision denying Plaintiff's I-485 Application, and the fact that Plaintfiff cannot seek adjustment of status with the immigration court, there are no avenues for relief for Plaintiff. Therefore, she now files this Complaint requesting that the Court compel the USICS to reopen and adjudicate her I-485 Application on the merits.

## VI. CLAIM FOR RELIEF

29. Plaintiff incorporates by reference the allegations in paragraphs 1-28.

30. Plaintiff contends that under the APA, the USCIS's denial of her I-485 Application was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *See* 5 U.S.C. § 706(2)(A).

31. The USCIS's decision is not the product of reasoned decisionmaking. As noted by the D.C. District Court, to survive arbitrary and capricious review, "an agency action must be the product of reasoned decisionmaking." *Fox v. Clinton*, 684 F.3d 67, 75 (D.C. Cir. 2012). In the case at bar, the USCIS's decision to deny Plaintiff's I-485 Application was not "the product of reasoned decisionmaking"

because there was no explanation whatsoever as to why Plaintiff did not meet the statutory eligibility requirements for adjustment of status.

32. Moreover, Plaintiff submits that the USCIS's decision is arbitrary and capricious because the USCIS blatantly ignored the fact that Plaintiff was paroled into the United States and, as a result, the USCIS is the only forum for adjudication of her I-485 Application. *See* Exhibit 1, *supra*.

33. The Supreme Court has held that an agency action is arbitrary and capricious if the agency has "entirely failed to consider an important aspect of the problem" or "has offered an explanation for its decision that runs counter to the evidence before the agency." *Motor Vehicles Mrfs. Ass'n of the U.S v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983); *see also Judulang v. Holder*, 132 S. Ct. 476, 483-84 (2011) ("When reviewing an agency action, we must assess whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment").

34. In this case, Plaintiff was paroled into the United States. *See* Exhibit 4, *supra*. By virtue of the parole grant, Plaintiff is eligible for adjustment of status. *See* 8 U.S.C. § 1255(a) (an alien who is "paroled" into the United States is eligible for adjustment of status). Not once in its decision does the USCIS mention the parole. *See* Exhibit 1, *supra*. In fact, the USCIS did no analysis at all as to whether Plaintiff was eligible for adjustment of status under the law and simply noted that

her I-485 Application is being denied. *Id.*

35. By ignoring the fact that Plaintiff was paroled, and thus, was an "arriving alien," the USCIS "entirely failed to consider an important aspect of the problem," has failed to consider all relevant factors in this case, and "has offered an explanation for its decision that runs counter to the evidence before the agency," because the evidence clearly demonstrates that Plaintiff is eligible for adjustment of status under the law. *See* 8 C.F.R. §§ 245.2(a)(1), 1245(a)(1); *Matter of* Yauri, 25 I&N Dec. at 106-07. Therefore, the USCIS's decision is clearly arbitrary and capricious.

36. In sum, given the law and evidence presented, Plaintiff maintains that judicial review under the APA is proper in the case at bar, because the USCIS has acted arbitrarily, capriciously, has abused its discretion, and has not acted in accordance with the law.

### VII. EXHAUSTION

37. Plaintiff incorporates by reference the allegations in paragraphs 1-36.

38. As noted above, Plaintiff is not required to exhaust her administrative remedies with respect to the denial of her I-485 Application because she is contesting a "final" agency action that is subject to judicial review under the APA.

39. The language of 5 U.S.C. § 704 states that an agency action is "final" without regard to whether an alien seeks reconsideration or appeal to a higher agency

authority, *unless* there is a statute or regulation that requires the alien to file an appeal and the agency action is inoperative during the appeal.

40. In this case, the USCIS denial does state that Plaintiff had the opportunity to file an I-290B, Motion to Reopen, Reconsider, or Appeal. *See* Exhibit 1, *supra*. However, as the relevant regulations note, even if an I-290B is filed, the USCIS's decision is considered the final agency decision. *See* 8 C.F.R. § 103.5(a)(1)(iv) (noting that the filing of a motion to reopen or reconsider "does not stay the execution of any decision in a case"); *see also Darby*, 509 U.S. at 137. As such, there can be no judicially-imposed exhaustion requirement and judicial review is proper before this Court.

## VIII. CONCLUSION

41. For the aforementioned reasons, the decision to deny Plaintiff's I-485 Application was arbitrary, capricious, an abuse of discretion, and not in accordance with the law. Therefore, judicial review by this Court is warranted under the APA.

## IX. PRAYER FOR RELIEF

42. Wherefore, Plaintiff respectfully requests that this Court:

   a. accept jurisdiction and venue as proper;

   b. issue a declaratory judgment that the denial of Plaintiff's I-485 Application was arbitrary, capricious, an abuse of discretion, and not in accordance with the law;

c. issue an order under the APA to compel the USCIS to reopen and adjudicate Plaintiff's I-485 Application on the merits;

d. grant reasonable attorney's fees, expenses, and costs of court pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412; and

e. grant Plaintiff all other relief as the Court may deem just and proper.

Respectfully submitted,

*/s/ Raed Gonzalez*

_____

Raed Gonzalez, Esq.
Texas Bar No. 24010063
GONZALEZ OLIVIERI LLC
2200 Southwest Freeway, Suite 550
Houston, TX 77098
Phone: (713) 481-3040,
Fax: (713)588-8683
rgonzalez@gonzalezolivierillc.com
*Counsel of Record for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| Jeanette Aracely Martinez,<br><br>*Plaintiff*,<br>     v.<br><br>Chad F. Wolf, Acting Secretary of the U.S. Department of Homeland Security; Kenneth T. Cuccinelli, Acting Director of the U.S. Citizenship and Immigration Services; Wallace L. Carroll, Houston Field Office Director of the U.S. Citizenship and Immigration Services,<br><br>*Defendants*. | Case No. 4:20-cv-2863<br><br>Date: August 14, 2020 |

## INDEX OF EXHIBITS

   Exhibit 1—USCIS Decision
   Exhibit 2—Previous USCIS Policy Manual
   Exhibit 3—Previous USCIS Policy Memorandum
   Exhibit 4—Parole Document